**UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK**
_____

**JOHN FUOCO,**

     **Plaintiff,**

 **v.**              **6:12-cv-498 (NAM/DEP)**

**KEITH GUNTER,**

     **Defendant.**
_____

**APPEARANCES:**        **OF COUNSEL:**

Menter, Rudin & Trivelpiece, P.C.    Mitchell J. Katz, Esq.
308 Maltbie Street, Suite 200      Jason C. Halpin, Esq.
Syracuse, New York 13204
For Plaintiff

**Hon. Norman A. Mordue, U.S. District Judge:**

## MEMORANDUM DECISION AND ORDER

Plaintiff John Fuoco brought this action against defendant Keith Gunter for damages arising from defendant's alleged breach of their partnership agreement, unjust enrichment, and unlawful withholding of funds. Dkt. No. 1. According to the complaint, this Court has diversity jurisdiction pursuant to 28 U.S.C. § 1332 because plaintiff is a resident of New York and defendant is a resident of Illinois.

Defendant has not answered the complaint or otherwise appeared. Plaintiff obtained a Clerk's Entry of Default on April 26, 2012. Dkt. No. 6. Plaintiff now moves for default judgment against defendant pursuant to Rule 55(b)(2) of the Federal Rules of Civil Procedure. Dkt. No. 7.

According to the complaint, in or about June 2006, plaintiff and defendant entered a partnership agreement regarding real estate housing development projects in Utica, New York

and Alabama. Plaintiff sent $125,500 to defendant as an investment in the projects. Plaintiff and defendant spoke via telephone a number of times between 2006 and 2007. Beginning in 2008, plaintiff was unable to reach defendant by telephone or any other means. The complaint alleges that defendant never completed the development projects and seeks an award of damages in the amount of $125,500.

It is well established that, "a party's default is deemed to constitute a concession of all well pleaded allegations of liability". *Greyhound Exhibitgroup, Inc. v. E.L.U.L. Realty Corp.*, 973 F.2d 155, 158 (2d Cir. 1992). Based on his well-pleaded complaint, plaintiff has established that: (1) defendant breached the partnership agreement; (2) defendant breached his fiduciary duty to plaintiff by failing to develop any real estate or share the profits realized from the sale of the real estate that was developed and, instead, keeping plaintiff's investment for himself; (3) defendant has been unjustly enriched "to the sole detriment of plaintiff" in the amount of $125,000; (4) defendant intentionally interfered with plaintiff's right to his property by using plaintiff's money and preventing plaintiff from recovering the money; and (5) defendant must provide an accounting to plaintiff for the use of the funds plaintiff invested.

Plaintiff has submitted an affidavit and documentary evidence demonstrating his entitlement to damages in the sum of $125,500 plus pre-judgment interest from the date the breach of contract occurred, January 1, 2008. Thus, a hearing is unnecessary. *See Fustok v. ContiCommodity Services, Inc.*, 873 F.2d 38, 40 (2d Cir. 1989) ("it [is] not necessary for the District Court to hold a hearing, as long as it ensured that there was a basis for the damages specified in the default judgment.").

It is therefore,

**ORDERED** that plaintiff's motion for default judgment (Dkt. No. 7) is granted; and it is further

**ORDERED** that plaintiff is awarded default judgment against defendant in the sum of $125,500 in compensatory damages plus pre-judgment interest at the rate of 9% from January 1, 2008 to the date of this Memorandum Decision and Order; and it is further

**ORDERED** that the Clerk shall enter judgment accordingly.

**IT IS SO ORDERED.**

Date: October 16, 2012

Honorable Norman A. Mordue
U.S. District Judge